UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STEVEN ROY KILLINGSWORTH                          CIVIL ACTION
(#728006)

VERSUS

KARLA BRINGEDAHL, ET AL.                          NO. 21-00337-BAJ-EWD

## ORDER

Plaintiff is an inmate presently incarcerated at Dixon Correctional Institute in Jackson, Louisiana (D.C.I.). Plaintiff initiated this action on June 1, 2021 by filing a *pro se* complaint alleging inadequate medical treatment. (Doc. 1). Plaintiff accompanied his complaint with a motion seeking entry of a temporary restraining order (TRO) and a preliminary injunction compelling Defendants to provide him medication, orthopedic shoes, and other interventions to treat his chronic back pain. (Doc. 3).

On June 11, 2021, the Court denied Plaintiff's request for a TRO due to Plaintiff's failure to comply with the notice requirements set forth at Federal Rule of Civil Procedure (Rule) 65(b). (Doc. 6). The Court withheld ruling on Plaintiff's request for a preliminary injunction, however, pending Defendants' service and appearance in this matter. (*Id.*).

On September 9, 2021, after Plaintiff failed to effect service within 90 days as required by Rule 4, the Court *sua sponte* appointed the U.S. Marshals Service to serve Defendants on Plaintiff's behalf. (Doc. 8, the "Appointment Order"). The Court's Appointment Order specifically directed Plaintiff "**TO COMPLETE** Form-USM 285

and **MAIL THE FORM** to the United States Marshals Service at 777 Florida Street, Suite G48, Baton Rouge, LA 70801." (*Id.* (emphasis in original)). The Appointment Order granted Plaintiff an additional 45 days within which to effect service. (*Id.*).

On October 4, 2021, the Magistrate Judge issued an order expressly reminding Plaintiff "that he must complete the USM 285 form and return it to the United States Marshals Service for that agency to serve [Defendants] Bringedahl and Toce." (Doc. 12).[1] The Magistrate Judge's October 4 Order reiterated that "[t]he deadline to effect service is Monday, October 25, 2021," and, for Plaintiff's convenience," even provided a Form-USM 285 form to complete and return. (*Id.*; *see also* Doc. 12-1).

Still, despite having been provided specific instructions regarding how to properly effect service through the U.S. Marshals Service, and additional time to do so, Plaintiff failed to submit a completed Form-USM 285 as directed. Instead, on October 19, 2021, Plaintiff filed a motion seeking more time to complete service. (Doc. 14). Plaintiff attributed his need for more time to "the courts [sic] lack of understanding the rules [sic] related to process service as it relates to IFP cases." (*Id.*).

On January 4, 2022, the Magistrate Judge granted Plaintiff's request for an extension, ordering Plaintiff to "serve defendants, and file adequate information

---

[1] The Magistrate Judge's October 4 Order addressed a correspondence from Plaintiff indicating that Plaintiff had complied with all prerequisites to properly effect service, and "requesting that service of process be made." (Doc. 10). The postmark accompanying Plaintiff's correspondence states that it was mailed on September 8, 2021, one day prior to the Court's *sua sponte* Appointment Order. (*Id.* at 2).

2

showing service into the record, by no later than **January 31, 2022.**" (Doc. 15 at 2 (emphasis in original)). The Magistrate Judge's January 4 Order expressly advised (again) that "[t]o effect service Plaintiff is required to provide a completed U.S. Marshal Form 285 for each defendant to be served. USMS will not serve any defendant without a properly completed form." (*Id.* at 2, n.9).

Yet, again, Plaintiff disregarded the Court's admonishment to return a completed Form-USM 285 to the U.S. Marshals Service. Instead, on January 31, 2022, Plaintiff submitted a pleading styled "Motion Declaring Proof Of Service And Reurging [sic] Of Motion For Summary Judgment." (Doc. 16). This pleading represents that "both Defendants, Bringedahl and Toce, were served prior to January 31, 2022." (*Id.*). In support of this assertion, Plaintiff cites two exhibits: (1) a Proof of Service form signed by fellow inmate Barry J. Dennis, stating that Mr. Dennis left a summons for Defendant Bringedahl with "Sgt. Scott @ D.C.I. infirmary," (Doc. 16-1 at 5); and (2) a certified mail receipt addressed to Defendant Toce at the Louisiana State Penitentiary in Angola, Louisiana, signed and returned by "Msgt K Murray [sic]," (*id.* at 6). The question that follows is whether Plaintiff's purported proof of service is sufficient.

Rule 4 provides multiple methods for effecting proper service. First, service may be achieved by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Relevant here, Louisiana law provides

3

that "[s]ervice of citation or other process may be either personal or domiciliary." La. C.C.P. art. 1231.

> Personal service is made when a proper officer tenders the citation or other process to the person to be served. La. C.C.P. art. 1232. Domiciliary service is made when a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing in the domiciliary establishment. La. C.C.P. art. 1234.
>
> Domicile is a person's principal domestic establishment, as contrasted to a business establishment. In other words, a person's domicile is his principal establishment wherein he makes his habitual residence and essentially consists of two elements, namely residence and intent to remain in place.

*Jefferson Cmty. Health Care Ctr., Inc. v. Roby*, 15-198 (La. App. 5 Cir. 11/19/15), 180 So. 3d 585, 587–88.

> Alternatively, Rule 4 allows for service by "doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

F.R.C.P. 4(e)(1)-(2).

Having reviewed Plaintiff's January 31 pleading, and the exhibits attached thereto, the Court finds that Plaintiff's purported "service" remains deficient. First, Plaintiff obviously has not satisfied Louisiana's requirements for effecting proper service. As set forth above, personal service under Louisiana law requires Plaintiff to

4

"tender[] the citation … to the person to be served." La. C.C.P. art. 1232. Here, however, Plaintiff "tendered" the Defendants' citations to "Sgt. Scott" and "Msgt K Murray [sic]." Alternatively, effective domiciliary service required Plaintiff to serve the Defendants at their "habitual residences." *Jefferson Cmty. Health Care Ctr.*, 180 So. 3d 585, 587–88. Here, however, Plaintiff attempted to serve each Defendant at their respective workplaces.

And, for similar reasons, Plaintiff has not satisfied any of the additional service options set forth under Rule 4(e)(2). Again, Plaintiff has not delivered copies of the summons and complaint to either Defendant Bringedahl or Defendant Toce personally, but has instead delivered his summons and complaint to "Sgt. Scott" and "Msgt K Murray [sic]." And, again, Plaintiff has not left copies of his summons and complaint at either Defendants' dwellings or usual places of abode, but has instead attempted to serve each Defendant at their place of employment. Finally, Plaintiff has not provided any evidence whatsoever to support a determination that "Sgt. Scott" and "Msgt K Murray [sic]" are authorized "agents" of Defendant Bringedahl and Defendant Toce, respectively.

In sum, the record shows that despite having received multiple extensions of the deadline to effect service, and even the benefit of the U.S. Marshals Service, Plaintiff's purported "service" remains deficient. The record further shows that, at his own peril, Plaintiff has repeatedly disregarded this Court's explicit instructions to simply complete and return a Form-USM 285 to initiate proper service. Finally, there

5

is no indication whatsoever that Plaintiff will change course and effect proper service if provided additional time and opportunity.[2]

Accordingly,

**IT IS ORDERED** that that the above-captioned action be and is hereby **DISMISSED WITHOUT PREJUDICE** due to Plaintiff's failure to effect proper service on Defendants within the time limits set forth in Rule 4(m), Plaintiff's repeated failure to effect proper service within the extensions provided by the Court, and Plaintiff's repeated disregard of the Court's express instructions to initiate proper service by completing and returning a Form-USM 285 to the U.S. Marshals Service.

Judgment will be entered separately.

Baton Rouge, Louisiana, this 8th day of March, 2022

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[2] Service is not a mere formality, it is a fundamental prerequisite of any legal proceeding. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."). Moreover, the Court cannot compel any defendant to appear that has not been properly served. *Id.* ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."). And, of course, as a practical matter, this action cannot proceed without the Defendants. *See Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process. The consistent constitutional rule has been that a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." (citation omitted)); *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981) ("In the absence of valid service of process, proceedings against a party are void.").