UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**STEVEN ROY KILLINGSWORTH****CIVIL ACTION**
**(#738157)**

**VERSUS**

**KARLA BRINGEDAHL, ET AL.****NO. 21-00337-BAJ-EWD**

## RULING AND ORDER

Before the Court is Plaintiffs' *pro se* **Motion To Set Aside Dismissal Judgment And Reinstate Suit Filed Pursuant To Rule 60(b)(1) (Doc. 20)**.[1] In sum, Plaintiff seeks an order vacating the Court's March 8, 2022 Judgment dismissing Plaintiff's action (without prejudice) due to Plaintiff's failure to effect proper service on Defendants within a reasonable time. (Docs. 17, 18).[2]

Federal Rule of Civil Procedure ("Rule") 60(b) affords multiple grounds for obtaining relief from a prior order or judgment, including for "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence," or "any other reason that

---

[1] Plaintiff's Motion is stamped and postmarked April 6, 2022, one day after the 28-day window for submitting a timely motion to alter or amend judgment under Rule 59(e). (Doc. 20-2 at pp. 1-2). Accordingly, relief is properly considered under Rule 60(b). *Frew v. Young*, 992 F.3d 391, 396 (5th Cir. 2021) ("[A] court may treat an untimely Rule 59(e) motion to alter or amend the judgment as if it were a Rule 60(b) motion if the grounds asserted in support of the Rule 59(e) motion would also support Rule 60(b) relief." (quotation marks omitted)).

[2] On August 2, 2022, Plaintiff submitted a Petition for Writ of Mandamus to the U.S. Court of Appeals for the Fifth Circuit, which, in part, seeks relief consistent with the relief sought in his Rule 60(b) Motion. (*See* Doc. 21). Still, the Court maintains jurisdiction to consider Plaintiff's Motion. *See Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1416 (5th Cir. 1995) ("As a general rule, a perfected appeal from a final judgment or reviewable order of a district court does vest jurisdiction in the appellate court and terminates the jurisdiction of the district court. This rule does not apply to petitions for writ of mandamus." (footnote omitted)).

USM -Certified

justifies relief." Generally speaking, however, a Rule 60(b) motion is not an opportunity to raise arguments or cite evidence that could have been brought to the Court's attention at an earlier date. *See Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 269 (5th Cir. 2007) (observing that "a 60(b) motion is not an opportunity for a party to 'relitigate its case'"); *see also Stewart v. Leonard*, 695 F. App'x 800, 801 (5th Cir. 2017) ("A Rule 60(b) motion is not an opportunity to rehash prior arguments.");

Here, the Court dismissed Plaintiff's action due to Plaintiff's repeated failure to effect proper service within the extensions provided by the Court, notwithstanding the Court's express instructions to initiate proper service by simply completing and returning a Form-USM 285 to the U.S. Marshals Service. (Doc. 17). In its dismissal Order, the Court explained that service is not a mere formality—indeed, it is a fundamental prerequisite of any legal proceeding, *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)—and, that as a practical matter, this action cannot proceed without the Defendants. *See Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981) ("In the absence of valid service of process, proceedings against a party are void.").

Plaintiff attacks these rulings on various grounds—legal and factual. Most persuasive, Plaintiff argues that, in fact, on October 25, 2021 he mailed two completed Form-USM 285s to the U.S. Marshals Service—as directed in the Court's Orders of September 9, 2021 and October 12, 2021 (Docs. 8, 12)—but that the envelope containing the forms "was returned some 32 days later; [sic] by the U.S. Marshal's

2

[sic] office unopened." (Doc. 20 at 2). As proof, Plaintiff has attached a copy of the returned envelope (originally postmarked October 25, 2021), bearing a return stamp stating: "RETURN TO SENDER ALL REQUESTS MUST BE FILED THROUGH THE US CLERK OF COURT." (Doc. 20-1 at p. 1). Plaintiff has also attached what appear to be properly completed Form-USM 285s for each Defendant, signed and dated October 23, 2021. (*Id.* at pp. 3-4).

It is beyond the Court's understanding why Plaintiff waited until now to raise the issue of his unsuccessful effort to comply with the Court's prior orders to engage the Marshals Service, and instead attempted to show that he served Defendants through other means. (*See* Doc. 16). Certainly, Plaintiff could (and should) have brought this matter to the Court's attention prior to entry of the March 8 Dismissal Order and Judgment. Still, although it is easily within the Court's discretion to deny Plaintiff's Rule 60(b) motion based on Plaintiff's delay, *see Stewart*, 695 F. App'x at 801, the Court determines that—in these particular circumstances, taking into account Plaintiff's status as a *pro se* litigant and a prisoner—the ends of justice are best served by affording Plaintiff *one more opportunity* to properly effect service on Defendants. As such, the Court will vacate its March 8, 2022 Dismissal Order and Judgment, and direct the U.S. Marshals Service to take notice of Plaintiff's completed Form-USM 285s, and serve Defendants wherever found.

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion To Set Aside Dismissal**

3

**Judgment And Reinstate Suit Filed Pursuant To Rule 60(b)(1) (Doc. 20)** be and is hereby **GRANTED**, and that the Court's March 8, 2022 Dismissal Order (Doc. 17) and Judgment (Doc. 18) be and are each hereby **VACATED**.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall **TAKE NOTICE** of Plaintiff's completed Form-USM 285s (Doc. 20-1 at pp. 3-4) and **SHALL SERVE** Defendants wherever found.

**IT IS FURTHER ORDERED** that should the U.S. Marshals Service determine that Plaintiff's completed Form-USM 285s (Doc. 20-1 at pp. 3-4) remain deficient, the Marshals Service shall immediately inform the Court so that a new (and final) deadline can be entered for Plaintiff to submit properly completed forms.

Baton Rouge, Louisiana, this 3rd day of August, 2022

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**