UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STEVEN ROY KILLINGSWORTH (#728006)          CIVIL ACTION NO.

VERSUS                                                                    21-337-BAJ-EWD

KARLA BRINGEDAHL, ET AL.

## ORDER

Before the Court is a "Motion for Recusal of Honorable Judge Brian Jackson and Magistrate Judge Erin Wilder-Doomes pursuant to 28 U.S.C.A. 455 and Formal Complaint pursuant to 28 U.S.C.A. 354,"[1] filed by Plaintiff Steven Roy Killingsworth ("Killingsworth"), who is representing himself and who is confined at the Dixon Correctional Institution in Jackson, Louisiana.  Killingsworth alleges that Judge Jackson and Judge Wilder-Doomes must be part of a conspiracy to infringe upon Killingsworth's substantial rights and as support notes the history and progression of this case.[2]

A motion to recuse is committed to the broad discretion of the targeted judge[3] to determine whether disqualification is appropriate.[4] A judge is presumed to be qualified to preside over a case,[5] so a movant seeking disqualification bears the burden of proving that a judge is not qualified by clear and convincing evidence.[6]

---

[1] R. Doc. 31.
[2] *See* R. Doc. 31, pp. 1-4.
[3] *United States v. Bremers*, 195 F.3d 221, 226 (5th Cir. 1999).
[4] *See, e.g., United States v. Mizell*, 88 F.3d 288, 299 (5th Cir. 1996), (=citing *Matter of Hipp, Inc*., 5 F.3d 109, 116 (5th Cir.1993).
[5] *In re Wilborn*, 401 B.R. 848, 860 (Bankr. S.D. Tex. 2009), citing *In re Betts*, 143 B.R. 1016, 1022 (Bankr. N.D.Ill.1992) (citing *Idaho v. Freeman*, 478 F.Supp. 33 (D. Idaho 1979)).
[6] *See Kinnear–Weed Corp. v. Humble Oil & Refining Co*., 441 F.2d 631, 634 (5th Cir.1971), *superseded by statute*, 28 U.S.C. § 455 (1974), as stated in *Aronson v. Brown*, 14 F.3d 1578, 1582-83 (Fed. Cir. 1994) (noting that § 455 was amended in 1974 to, among other things, "omit[] the phrase 'in his opinion', in order to eliminate the subjective standard.").

Two statutes govern recusal motions: 28 U.S.C. § 144 and 28 U.S.C. § 455.[7]  § 144 states as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Some courts have held that a *pro se* litigant may not obtain disqualification of a judge under § 144 because a *pro se* litigant cannot meet the plain language of the statute requiring "a certificate of counsel of record stating that it [the affidavit in support of recusal] is made in good faith."[8] Even if Killingsworth, who is representing himself, could proceed under § 144, the allegations in his Motion are not sufficient to establish personal bias or prejudice on the part of either of the judges assigned to this case, as more fully explained below in relation to § 455, the provision specifically cited by Killingsworth.

§ 455 reads, in pertinent part, as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. (b) He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . ."

---

[7] *K & F Holdings, Ltd. v. Rouse's Enterprises, L.L.C.*, No. 16-293, 2017 WL 2778345, at *1 (M.D. La. June 27, 2017).
[8] *See, e.g., Gibson v. Gusman,* No. 14-2273, 2014 WL 6469507, at *3 (E.D. La. Nov. 17, 2014), citing *Robinson v. Gregory*, 929 F.Supp. 334, 337-38 (S.D. Ind. 1996).

While § 455 does not contain the same procedural requirements as § 144, recusal under § 455 is not warranted here.

In determining whether recusal is appropriate under this statute, the Fifth Circuit has stated that the recusal standard is an objective one.  A party seeking recusal must demonstrate that a reasonable and objective person, knowing all the facts and circumstances of the case, would harbor doubts concerning the judge's impartiality.[9]  This showing must be based on specific facts so as to avoid giving a party a "random veto over the assignment of judges."[10]  Also, a § 455 claim must not be so broadly construed that "recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."[11]

Killingsworth has failed to provide any specific facts that would lead a reasonable and objective person to question the impartiality or to demonstrate any personal bias as to either judge assigned to his case under either § 144 or § 455.  The facts relied on by Killingsworth to show a conspiracy and bias are merely statements regarding how the case has progressed, which how civil rights complaints by prisoners normally progress through this Court.  For example, Killingsworth complains that the order granting him pauper status directed that service would not be made and that summons should be withheld until further order of the Court.[12]  It is standard practice of this Court to withhold service for cases that are subject to the screening provisions of 28 U.S.C. §§ 1915(e) and/or 1915A until the screening process is completed.  Similarly, Killingsworth questions why he was required to complete a USM-285 form for service.  Again, this is a standard order for all individuals who qualify for service by the United States Marshals Service under Federal Rule

---

[9] *Patterson*, 335 F.3d at 484; *U.S. v. Spears*, No. 09-19, 2012 WL 112985, at *2 (M.D. La. Jan. 12, 2012).
[10] *Capizzo v. State*, Civ. Action No. 99-138, 1999 WL 539439, at * 1 (E.D. La. July 22, 1999).
[11] *Spears*, 2012 WL 112985 at * 2.
[12] R. Doc. 31, p. 1.

of Civil Procedure 4(c)(3).[13]  Similarly, Killingsworth complains about the length of time a motion

to reinstate his suit after dismissal was pending.  The facts provided by Killingsworth are merely

facts regarding how a case of this type typically proceeds through the Court system and/or

disagreements regarding rulings and orders issued by this Court, which is not a basis for recusal.[14]

Killingsworth also references 28 U.S.C. § 354, presumably to make a judicial misconduct

complaint.  That provision provides, in pertinent part:

> (a) Actions Upon Receipt of Report.—
> > (1) Actions.—The judicial council of a circuit, upon receipt
> > of a report filed under section 353(c)—
> > > (A) may conduct any additional investigation which
> > it considers to be necessary;
> > > (B) may dismiss the complaint; and
> > > (C) if the complaint is not dismissed, shall take such
> > > action as is appropriate to assure the effective and
> > > expeditious administration of the business of the
> > > courts within the circuit.

Killingsworth misunderstands the process for filing a judicial misconduct complaint.  To the extent

he wishes to raise allegations of judicial misconduct, he must do so according to The Judicial

Conduct and Disability Act of 1980, 28 U.S.C. §§ 351-364 ("the Act") and the Rules for Judicial-

Conduct and Judicial-Disability Proceedings.[15]  While the Act authorizes complaints against

United States Circuit, District, Bankruptcy, and Magistrate Judges who have "engaged in conduct

---

[13] R. Doc. 31, p. 2.  The instructions for the Form 285 state, in relevant part: "Submit one complete set of this form (USM-285) and one copy of each writ for each individual, company, corporation, etc., to be served or property to be seized or condemned."

[14] *See Mandawala v. Northeast Baptist Hospital, Counts 1, 2, and 11*, 16 F.4th 1144, 1156-57 (5th Cir. 2021) ("[A]dverse rulings, without more, do not warrant disqualification for bias.  It is obvious why: If we credited [the plaintiff's] theory, every judge would have to recuse, because any ruling in a dispute between parties would supply *prima facie* evidence of bias against the loser."). *See also Liteky v. U.S.*, 510 U.S. 540, 541 (1994) ("First, judicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion…Second, opinions formed by the judge on the basis of facts introduced or events occurring during current or prior proceedings are not grounds for a recusal motion unless they display deep-seated favoritism or antagonism as would make fair judgment impossible.").

[15] The provision referenced by Killingsworth only comes into play after an initial complaint is filed with the clerk of the court of appeals for the circuit (28 U.S.C. § 351(a)), which is reviewed by the chief judge of the circuit.  Only if a special committee is appointed to investigate and files a written report suggesting that action from the judicial council of the circuit is necessary would the provision cited by Killingsworth be applicable.

prejudicial to the effective and expeditious administration of the business of the courts" or who are "unable to discharge all the duties of office by reason of mental or physical disability," this Court is not the proper forum for such complaints.[16] Additionally, Killingsworth is advised that the Act is not intended to facilitate complaints based on what he perceives to be incorrect judicial decisions.  A complaint under the Act may be dismissed if it is "directly related to the merits of a decision or procedural ruling." This Court will take no further action related to any complaint by Killingsworth against any judge of this Court under The Judicial Conduct and Disability Act of 1980, 28 U.S.C. §§ 351-364.

After carefully reviewing the matter, there is not sufficient factual support for Killingsworth's allegation of any personal bias or prejudice on the part of either judge assigned to this case to warrant recusal and this Court is not the proper venue for judicial misconduct complaints.  Accordingly,

**IT IS ORDERED** that to the "Motion for Recusal of Honorable Judge Brian Jackson and Magistrate Judge Erin Wilder-Doomes pursuant to 28 U.S.C.A. 455 and Formal Complaint pursuant to 28 U.S.C.A. 354,"[17] filed by Plaintiff Steven Roy Killingsworth, is **DENIED**.

Signed in Baton Rouge, Louisiana, on February 23, 2023.

_Erin Wilder-Doomes_
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[16] *See*, Appendix to Local Civil Rules of the Middle District of Louisiana.  Written complaints under the Act may be filed at the following office:
> Clerk
> United States Court of Appeal for the Fifth Circuit
> 600 Camp Street, Room 102
> New Orleans, LA 70130

[17] R. Doc. 31.