**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**STEVEN ROY KILLINGSWORTH (#728006)**      **CIVIL ACTION NO.**

**VERSUS**                                                                    **21-337-BAJ-EWD**

**KARLA BRINGEDAHL, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 27, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEVEN ROY KILLINGSWORTH (#728006)** | **CIVIL ACTION NO.** |
| **VERSUS** | **21-337-BAJ-EWD** |
| **KARLA BRINGEDAHL, ET AL.** | |

**MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER**

Before the Court is a Motion to Dismiss ("Motion"), filed by Defendants Karla Bringedahl and Dr. Paul Toce ("Defendants").[1] The Motion is opposed by Plaintiff Steven Roy Killingsworth ("Plaintiff").[2] As Plaintiff cannot state a claim for deliberate medical indifference under the facts alleged, it is recommended that Defendants' Motion be granted and that this suit be dismissed in its entirety.

**I.    BACKGROUND**

Plaintiff, who is confined at the Dixon Correctional Institute ("DCI") in Jackson, Louisiana and who is representing himself, filed this suit on or about June 7, 2021, alleging that Defendants violated his Eighth Amendment rights.[3] He seeks injunctive and monetary relief.[4] Plaintiff initially failed to provide the required information to the United States Marshals Service to have Defendants served, so his action was dismissed without prejudice.[5] On Plaintiff's Motion, the Judgment dismissing the case was set aside, and he was provided with another opportunity to effect service, which he did.[6] In response to the Complaint, Defendants filed the Motion.[7] Plaintiff opposes the Motion and has also filed a "Motion for Proposed Amended Complaint Pursuant to

---

[1] R. Doc. 28.
[2] R. Doc. 32.
[3] R. Doc. 1.
[4] R. Doc. 1, p. 4.
[5] R. Docs. 17 & 18.
[6] R. Docs. 20, 23 & 24.
[7] R. Doc. 28.

Fed. R. Civ. P. Rule 15(a)(1)." Plaintiff will be granted leave to amend and the additional factual allegations in his amended complaint will be considered.[8] Defendants filed a Memorandum in Support of Motion to Dismiss and Reply to Plaintiff's Response to Motion to Dismiss and Amended Complaint,[9] which addresses Plaintiff's additional facts and arguments.

II.  LAW & ANALYSIS

A.  Standard of Review

In *Bell Atlantic Corp. v. Twombly*,[10] and *Ashcroft v. Iqbal*,[11] the Supreme Court clarified the standard of pleading that a plaintiff must meet to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[12]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[13]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14]  It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"[15] "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[16]

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint."[17]  Further, "[a] document

---

[8] R. Doc. 33.
[9] R. Doc. 34.
[10] 550 U.S. 544 (2007).
[11] 556 U.S. 662 (2009).
[12] *Twombly*, 550 U.S. at 555.
[13] *Iqbal,* 556 U.S. at 678.
[14] *Id.*
[15] *Id.* at 679.
[16] *Id.* at 678 (internal quotation marks omitted).
[17] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"[18] Additionally, the federal pleading rules simply require a "short and plain statement of the claim showing that the pleader is entitled to relief."[19] The task of the court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted.[20] Still, the court need not accept "a legal conclusion couched as a factual allegation,"[21] or "naked assertions [of unlawful conduct] devoid of further factual enhancement."[22]

### B. Plaintiff's Allegations Do Not State a Claim for Deliberate Medical Indifference

To establish liability for deliberate medical indifference, an inmate plaintiff must show "subjective recklessness as used in the criminal law."[23] *Farmer* lays out both an objective prong and a subjective prong.[24] The objective prong requires plaintiffs to demonstrate that "the deprivation alleged [was], objectively, 'sufficiently serious.'"[25] Second, under *Farmer's* "subjective" prong, plaintiffs must show that prison officials acted with a "sufficiently culpable state of mind."[26] Whether the plaintiff has received the treatment or accommodation that she desires is not sufficient to state a claim for deliberate indifference absent exceptional circumstances.[27] Even negligence, neglect, unsuccessful treatment, or medical malpractice, will not generally give rise to a § 1983 cause of action for deliberate medical indifference.[28] Rather, the deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that

---

[18] *Id.* (citation omitted).
[19] Fed. R. Civ. P. 8(a)(2).
[20] *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502–03 (5th Cir. 2014).
[21] *Papasan v. Allain*, 478 U.S. 265, 286 (1986).
[22] *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).
[23] *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994).
[24] *Id.* at 837.
[25] *Id.* at 834, quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).
[26] *Id.*
[27] *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations omitted).
[28] *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

3

the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."[29]

Plaintiff alleges he injured his back on March 15, 2019 while exiting his top bunk.[30] Between that date and April 10, 2019, he made three sick call requests for pain and numbness.[31] On April 10, 2019, he was treated by Bringedahl, who prescribed Tylenol and a muscle relaxer, Parafon.[32] Killingsworth disagreed with the treatment, wrote a letter to Dr. Toce, and alleged that only ibuprofen works for injuries of this type for him. Plaintiff further alleges that, after taking the Tylenol and muscle relaxer for approximately 100 days, the medications were doing nothing to mitigate the pain, tingling, or numbness he felt.[33] Plaintiff had a follow-up appointment with Bringedahl on July 23, 2019.[34] He alleges that Bringedahl did not perform an exam, and though Plaintiff informed her that the medications were not working and requested a referral to a neurologist or orthopedic surgeon, Bringedahl only responded that the medication should work.[35] Killingsworth wanted to discuss surgical options, but Bringedahl was of the opinion that he did not need surgery.[36] After the appointment, Killingsworth wrote a letter to Dr. Toce requesting a referral to a specialist.[37]

Bringedahl again treated Plaintiff on November 21, 2019.[38] At that time, he made further complaints of pain, but Bringedahl told him she could not detect any injury.[39] However, she did

---

[29] *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001), quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).
[30] R. Doc. 1, p. 9.
[31] *Id.*
[32] R. Doc. 1, p. 11.
[33] R. Doc. 1, pp. 10-11.
[34] R. Doc. 1, p. 11.
[35] R. Doc. 1, p. 12.
[36] R. Doc. 1, p. 12.
[37] R. Doc. 1, p. 12.
[38] R. Doc. 1, p. 13.
[39] R. Doc. 1, p. 13.

agree to refer him to another doctor, though noting that she did not think the specialist would find anything either.[40]  On December 4, 2019, Killingsworth met with Dr. Barkmeyer, the specialist to whom Bringedahl referred him.[41]  Dr. Barkmeyer allegedly informed Plaintiff that a more potent muscle relaxer was necessary to manage the pain and recommended imaging of the injury to determine the extent of the damage.[42]  According to Plaintiff, Dr. Barkmeyer recommended that he take Baclofen for his pain and opined that the medications currently prescribed by Bringedahl, specifically Parafon, Robaxtin, and Tylenol, were "not the drugs of choice" for Plaintiff's type of injury.[43]  Plaintiff's additional facts in his amended complaint are essentially the same.  He still contends that Dr. Toce and Bringedahl denied him the medication prescribed by another doctor for over twenty-four months.[44]

The failure of Bringedahl and Dr. Toce to give Plaintiff Baclofen instead of other medications does not amount to deliberate indifference to a serious medical need.[45]  Even assuming Plaintiff is correct about Dr. Barkmeyer's opinion regarding the "drug of *choice*," for his alleged injury, Defendants' decision to prescribe a different treatment regimen of Parafon, Robaxtin, and Tylenol, instead of Baclofen, is a classic example of a difference in medical opinion, which does not amount to deliberate indifference.[46]  Accordingly, Plaintiff cannot state a claim as a result of Defendants decision to use medications other than Baclofen to treat his alleged injury.  This is true even if the alternative medication prescribed by medical providers at the prison was not as

---

[40] R. Doc. 1, p. 13.
[41] R. Doc. 1, pp. 13-14.
[42] R. Doc. 1, p. 14.
[43] R. Doc. 1, p. 14.
[44] R. Doc. 33.
[45] R. Doc. 1, pp. 9-15.
[46] *See, e.g.*, *Crockett v. Terrell*, No. 07-1296, 2007 WL 3120049, at *3 (W.D. La. Sept. 27, 2007) ("difference of medical opinion as to the appropriate method of treatment does not amount to deliberate indifference."); *Taylor v. Louisiana*, No. 12-44, 2012 WL 6606961, at *5 (E.D. La. July 10, 2012) ("[T]he fact that the jail doctor followed a different course of treatment than the hospital doctors is of no constitutional moment. Differences of opinion among physicians as to the appropriate method of treatment do not constitute deliberate indifference.").

5

effective, because federal constitutional protections are not violated simply because an inmate's medical treatment was unsuccessful or because pain persisted despite treatment.[47] Further, by his own allegations, Plaintiff was treated at regular intervals by Bringedahl, and though he was not satisfied with the treatment he received, this dissatisfaction does not amount to deliberate indifference.[48]

### C. Further Leave to Amend is Not Warranted

Because Plaintiff responded to the Motion to Dismiss and filed an Amended Complaint after the Motion to Dismiss was filed, and since all additional facts have been considered in this Report, dismissal with prejudice is appropriate. Plaintiff should not be provided with further leave to amend to attempt to state a claim.[49] Moreover, it appears that granting further leave to amend would be futile, as any amendment consistent with the facts alleged would not state a claim for deliberate medical indifference.[50]

### D. Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Plaintiff seeks to have the Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. Here, because dismissal of all federal constitutional claims is recommended, it is

---

[47] *Taylor*, 2012 WL 6606961, at *5 (citations omitted).
[48] *Parrott v. Sizemore*, No. 20-40586, 2022 WL 2072866, at *2, (5th Cir. 2022), citing *Norton v. Dimazana*, 122 F.3d 286, 291-92 (5th Cir. 1997) (an inmate's dissatisfaction or disagreement with the medical treatment he receives does not amount to deliberate indifference).
[49] R. Docs. 32 & 33. *See Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed.Appx. 625, 627 (5th Cir. 2017) (internal quotation marks omitted) ("Ordinarily a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.").
[50] *Id.* (leave to amend not necessary when amendment would be futile).

appropriate to decline to exercise supplemental jurisdiction over any potential state law claim because any potential state law claim based upon these facts would require a wholly different analysis than the federal claims.[51]

## ORDER

**IT IS ORDERED** that the "Motion for Proposed Amended Complaint Pursuant to Fed. R. Civ. P. Rule 15(a)(1)," filed by Plaintiff Steven Roy Killingsworth is **GRANTED**. Plaintiff's additional allegations were addressed by Defendants and considered in this Report and Recommendation.

**IT IS FURTHER ORDERED** that the Motion to Stay Discovery,[52] filed by Defendants, is **DENIED** as moot.

## RECOMMENDATION

**IT IS RECOMMENDED** that the exercise of supplemental jurisdiction be declined, that the Motion to Dismiss,[53] filed by Defendants Karla Bringedahl and Dr. Paul Toce, be **GRANTED**, and that this action be **DISMISSED WITH PREJUDICE** for failure to state a claim.

Signed in Baton Rouge, Louisiana, on February 27, 2023.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[51] For example, the claim of medical malpractice under Louisiana law requires a wholly distinct analysis from deliberate indifference to a serious medical need.
[52] R. Doc. 29.
[53] R. Doc. 28.

7